UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RICKEY ALLEN MAXWELL, JR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )    CV423-137 |
| CHATHAM COUNTY DISTRICT ATTORNEY OFFICE, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Rickey Allen Maxwell, Jr. has submitted a 42 U.S.C. § 1983 Complaint alleging that he was not permitted to be present at a May 12, 2023, hearing in his state criminal case. *See* doc. 1 at 5. The Court previously granted him leave to pursue this case *in forma pauperis* (IFP). Doc. 4. He has returned the forms as required by that Order. *See* docs. 7 & 8. The financial information provided shows that Maxwell's allegation of poverty was untrue, as discussed below. His Complaint might, therefore, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). However, as also discussed below, screening of his Complaint, pursuant to 28 U.S.C. § 1915A, shows that the Court should abstain from hearing it, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). For either of those

1

independently sufficient reasons, therefore, Maxwell's Complaint is **DISMISSED**. Doc. 1.

Maxwell's application to proceed IFP disclosed a balance of $69.10 in his prisoner trust account and deposits of $185.00 over the six months prior to the Complaint. *See* doc. 2 at 2. He also indicated that he received $50.00 weekly from his wife. *See id.* Pursuant to the Court's Order granting IFP, Maxwell returned a form, completed by a prison official, disclosing his average monthly deposits and balance. *See* doc. 8. The average deposits disclosed are $591.50. *Id.* at 1. The average deposit figure is further clarified by the attached accounting. *See id.* at 2-22. That accounting indicates that Maxwell received more than $1,000 into his Trust Account between April and May 2023, before he submitted his application. *See id.* at 2-3. The accounting also reflects considerable spending, resulting in Maxwell's maintenance of a balance in his account below the amount of the Court's filing fee. *See id.* at 4-20.

The Prison Litigation Reform Act provides that the Court must dismiss a claim at any time if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). It may also dismiss a case when it

2

determines that a plaintiff has lied or sought to deceive the Court.[1]  *See, e.g., Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515, at *1 (11th Cir. Mar. 6, 2013) (Denying plaintiff's IFP application on appeal "because her allegation of poverty appear[ed] to be untrue in light of her financial affidavit and filings in the district court.").  It is well-established that courts should consider, not only the balance in a prisoner's trust account, but also his "income and spending over the six months prior to filing." *Reyes v. Fishel*, 996 F.3d 420, 425 (7th Cir. 2021).  Maxwell's pattern of deposits and spending indicates, at least, that his allegation of poverty was untrue, even if it does not definitively establish that he intended his application to be deceptive.  The Court might, therefore, dismiss his Complaint.

---

[1] Furthermore, liars may be prosecuted.  *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Even if the Court overlooked the considerable discrepancy between Maxwell's application to proceed *in forma pauperis* and his disclosed finances, his Complaint would be subject to dismissal. The Court is required to screen Complaints submitted by prisoners.[2]  *See* 28 U.S.C. § 1915A. Given that Maxwell's only allegation, charitably construed, is that the procedure applied in his pending state court prosecution was improper, any ruling could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger*, 401 U.S. at 53, federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury.

---

[2] Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

4

Plaintiff, obviously, remains free to allege the same defect alleged here in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, his contentions of procedural impropriety are arguments for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").[3] The Court must, therefore, abstain from hearing this case.

---

[3] Maxwell's Complaint is also explicit that he seeks only "for the courts to dismiss the charge relating to this case and release [him]." Doc. 1 at 6. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *see also Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

Since Maxwell's allegation of poverty is untrue and the Court must abstain from hearing the only claim alleged in his Complaint, pursuant to *Younger*, the Complaint is **DISMISSED**. Doc. 1. Finally, the Court must assess Maxwell's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects an average monthly balance of $49.46 and average monthly deposits of $591.50. Doc. 8 at 1. Based upon his furnished information, he owes an initial partial filing fee of $118.30. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with

the terms of the payment directive portion of this Order. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 8th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA